By the Court.
Oakley, C. J.
The objection, that the proof of the loss of the order-book, was insufficient, was very properly abandoned. It was plainly untenable.
It is" not necessary to determine, whether the entries in the books of the defendants, which were read by their counsel, upon the trial, were proper evidence of the facts, they were adduced to prove. No objection was made to them at the time, nor were they read subject to any future objection. They became evidence, therefore, in judgment of law., by the admission and consent of the counsel for the plaintiff, and it was the duty, of the judge, to submit them as evidence, to the consideration of the jury. His omission to do so, would have furnished to the defendants,. a far more reasonable ground of exception. .For the same reasons, the judge was justified in calling the attention of the jury to the subsequent declarations of Kayser, as a part of the proof, that credit had been given to the firm, and not to Brahe, individually, and had this -evidence been objected to, when offered, we do not think the objection could have been sustained. -The admission by Kayser, of the liability of the firm, no matter when made, was clearly good evidence against himself; nor under the circumstances, could the reception of the evidence, furnish any ground of complaint to Brahe, since its effect was not to charge, him with a debt, for which, otherwise, he would not have been liable at all, but to diminish in part, an admitted liability, by making it joint, instead of several and sole.
The exceptions are overruled, and the judgment, at special term, affirmed with costs.